## CIRCUIT COURT OF FAIRFAX COUNTY

Stephen R. Bednar

v.

Commonwealth of Virginia

October 23, 2002

Case No. (Law) 206903

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before the Court on Petitioner Stephen R. Bednar's Petition to Review and Set Aside the Virginia Department of Motor Vehicles' revocation of Mr. Bednar's privilege to operate a motor vehicle for three years pursuant to Virginia Code § 46.2-391(A)(ii). Mr. Bednar claims that the three-year revocation is manifestly unjust as it is contrary to the court's order and not based upon a conviction for a second or subsequent offense as required under Virginia Code § 46.2-391.

The facts of the present matter are not in dispute. Mr. Bednar was convicted in the Fairfax County General District Court of operating a motor vehicle while his driver's license had been suspended for a conviction under Virginia Code § 18.2-266 on October 20, 2000, and again on May 16, 2001. On this second conviction, the General District Court suspended Mr. Bednar's license to drive in Virginia for one year. Thereafter, pursuant to Virginia Code § 46.2-391(A), the Virginia Department of Motor Vehicles revoked Mr. Bednar's privilege to drive in Virginia for three years. At the time of Mr. Bednar's revocation, Virginia Code § 46.2-391 provided:

The Commissioner shall forthwith revoke and not thereafter reissue for three years the driver's license of any person on receiving a record of the conviction of any person who ... (ii) is convicted of any two or

more offenses of § 18.2-272 (driving while the driver's license has been forfeited for a conviction under § 18.2-266) if the second or subsequent violation occurred within ten years of the prior offense.

Mr. Bednar brings his Petition under Virginia Code § 46.2-410.1 which provides for review of any revocation not issued under § 46.2-390.1 in cases of manifest injustice. Such petitions are to be brought within sixty days of receipt of notice of the revocation. The statute further provides that "manifest injustice" is defined as those instances where the Commissioner's order was the result of an error or was issued without authority or jurisdiction.

The Virginia Department of Motor Vehicles revoked Mr. Bednar's license on June 1, 2001, after receiving a report from the Fairfax General District Court of Mr. Bednar's second conviction under Virginia Code § 18.2-272. Mr. Bednar filed his Petition on August 22, 2002. Mr. Bednar claims he received no notice of the revocation until August 21, 2002, when he paid a number of unrelated fines and attempted to have his driver's license reinstated. The Commonwealth does not dispute this contention, nor does the Commonwealth offer proof of earlier notice. Thus I find that Mr. Bednar's Petition is timely filed and undertake to review the revocation.

I find that the Virginia Department of Motor Vehicles properly revoked Mr. Bednar's license to drive in Virginia. Mr. Bednar's claim that the revocation is contrary to the Court's order is not well taken. Virginia Code § 46.2-410.1 provides only two bases for review under a manifest injustice claim: (1) where the Commissioner's order was the result of an error, or (2) where the Commissioner's order was issued without authority or jurisdiction. The "contrary to the court's order" language Mr. Bednar apparently relies on as a basis for review was removed from § 46.2-410.1 effective July 1, 2002, one month prior to the filing of Mr. Bednar's Petition. Thus, I find this Court is without jurisdiction to review the revocation on the grounds that the revocation conflicts with an order of this Court.

Even if this argument were applicable to the present matter, I would find that the Commissioner's three-year revocation order does not conflict with the General District Court's one-year suspension order. Under Virginia law, a revocation of the right to operate a motor vehicle is not part of the punishment for the crimes which a person commits, but a consequence of the conviction for the crime. *Commonwealth v. Ellet*, 174 Va. 403, 414-15 (1939). Thus, the Commissioner's revocation order is an administrative consequence of the conviction by the General District Court. The two orders exist in harmony, not in conflict.

As to Mr. Bednar's second claim, I find that the Commissioner's order was properly issued. Virginia Code § 46.2-391(A)(ii), in effect at the time of Mr. Bednar's revocation, provided for the revocation of the license of any person who is convicted of any two or more offenses of § 18.2-272 if the second or subsequent violation occurred within ten years of the prior offense. The statute does not require that Mr. Bednar be convicted of driving on a suspended license under § 18.2-272 *as second or subsequent offense* as Mr. Bednar claims. Rather, the statute requires only that the second or subsequent violation occur within ten years of the first in order to trigger the Commissioner's duty to revoke Mr. Bednar's license. The "second offender" language on which Mr. Bednar apparently relies is found in § 46.2-391(A)(i), applicable to violations of §§ 46.2-341.24 and 18.2-266, and thus not applicable in this case. Therefore, the Commissioner had the authority to revoke Mr. Bednar's license under § 46.2-391(A)(ii), and indeed was under a statutory mandate to do so.

Mr. Bednar does not assert, nor do I find that the Commissioner lacked jurisdiction to revoke Mr. Bednar's license to drive in Virginia. In addition, I find no basis for ruling that the Commissioner's order was the result of an error. Thus, I find there is no manifest injustice, as defined in Virginia Code § 46.2-410.1, in the revocation of Mr. Bednar's license to drive in Virginia.

Finally, Mr. Bednar presented evidence at trial of the circumstances surrounding his revocation and how, as a result, the revocation is manifestly unjust. This Court has no authority to consider circumstances under a review for manifest injustice other than those provided for in Virginia Code § 46.2-410.1. However, even if this Court had such authority, I would not find that the circumstances surrounding Mr. Bednar's revocation rise to the level of manifest injustice.

Mr. Bednar's Petition to Set Aside the revocation is denied.

## Order

This matter came before the Court on Petitioner Stephen R. Bednar's Petition to Review and Set Aside the Virginia Department of Motor Vehicles' revocation of Mr. Bednar's privilege to operate a motor vehicle for three years pursuant to Virginia Code § 46.2-391; and it appearing to the Court that the Commissioner of the Virginia Department of Motor Vehicles had the authority under Virginia Code § 46.2-391 to revoke Stephen R. Bednar's license to operate a motor vehicle in Virginia; and it further appearing to the Court the Commissioner of the Virginia Department of Motor Vehicles' order revoking Stephen R. Bednar's license to operate a motor vehicle in Virginia for three

years was not the result of an error; and it further appearing to the Court the Commissioner of the Virginia Department of Motor Vehicles' order revoking Stephen R. Bednar's license to operate a motor vehicle in Virginia for three years is not manifestly unjust; it is therefore ordered that Stephen R. Bednar's Petition to Set Aside the Virginia Department of Motor Vehicles' revocation of Mr. Bednar's privilege to operate a motor vehicle for three years is hereby denied. Petitioner's exceptions to this ruling are noted and preserved.