## CIRCUIT COURT OF FAIRFAX COUNTY

Michael Kennedy

    v.

Commissioner of
Virginia Department
of Motor Vehicles

March 6, 2003

Case No. (Law) 207431

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on January 10, 2003, on Mr. Kennedy's Petition for Judicial Review seeking an order modifying the Virginia Department of Motor Vehicle's revocation of his license. The Virginia Department of Motor Vehicles filed a Motion to Dismiss the Petition. The case was taken under advisement to determine whether the Department's Motion should be granted. For the reasons set forth in this letter opinion, Mr. Kennedy's Petition is denied and the Department's Motion to Dismiss is granted.

On October 13, 2000, Kennedy was convicted of DUI, for the first time. On May 16, 2001, Kennedy was again convicted of a DUI First offense and the Court suspended his license for one year. On June 2, 2001, the Virginia Department of Motor Vehicles (hereinafter DMV) revoked Kennedy's license for three years as required by §§ 18.2-271 and 46.2-391(A). Mr. Kennedy is eligible for full restoration of his driving privileges on May 14, 2004. At the time of revocation, DMV sent a copy of this order to Kennedy's address on file, updated by him as of April 2000. Mr. Kennedy allegedly never received the revocation order because he had moved to Florida and failed to notify the DMV of his change of address. When Kennedy moved

back to the area and applied for a Maryland driver's license, his application was denied due to the revocation in effect in Virginia. Mr. Kennedy filed his Petition for Judicial Review on September 12, 2002, seeking an order modifying DMV's revocation order of June 2, 2001.

## Standard of Review

Judicial review of "agency action" is governed by Va. Code § 2.2-4027. Agency action is presumed valid, and the burden rests upon the complaining party "to designate and demonstrate an error of law subject to review by the court." Code § 2.2-4027; *Environmental Def. Fund v. State Water Control Bd.*, 15 Va. App. 271, 277, 422 S.E.2d 608, 611 (1992).

Kennedy attacks DMV's revocation of his license based on two findings of manifest injustice. First, Kennedy claims that, pursuant to § 46.2-410.1, DMV's revocation of his license for three years resulted in "manifest injustice" in that the revocation "actually conflicts" with the final court order suspending his license for only one year. Second, Kennedy asserts that the revocation represents "manifest injustice" because DMV had no authority to revoke his license, pursuant to § 46.2-391(A), due to the fact that he was not adjudged to be a second offender in violation of § 18.2-266, driving under the influence of drugs or intoxicants.

*The Court is Without Jurisdiction to Hear Mr. Kennedy's Petition of Manifest Injustice Based on a Conflict Between the DMV Order and the Court Order.*

Section 46.2-410.1, Judicial Review of Revocation or Suspension by Commissioner, allows an aggrieved party to file a petition challenging a DMV revocation or suspension where manifest injustice is present. Manifest injustice occurs where the Commissioner's order was the result of error or was issued without authority or jurisdiction. This version of § 46.2-410.1 has been in effect since July 1, 2002, and was in effect at the time Mr. Kennedy filed his Petition for Judicial Review on September 12, 2002.

Mr. Kennedy asks this Court to apply the version of § 46.2-410.1 in effect at the time of DMV's revocation of his license, June 2, 2001. At that time, the statute allowed a petition for manifest injustice where the Commissioner's order was the result of an error, was issued without authority, or *where the Commissioner's order conflicts with a court order*. Mr. Kennedy claims that the DMV revocation of his license for three years conflicts with the court order suspending his license for only one year. However, the Virginia Legislature amended this statute, effective July 1, 2001, by deleting the

provision allowing for review where the Commissioner's order conflicts with a court order. Because Mr. Kennedy filed his petition on September 12, 2002, he cannot claim that the DMV revocation of his license conflicts with the court order suspending his license for only one year because that provision was struck by amendment, effective July 1, 2002. The version of the law in place at the time Mr. Kennedy filed his petition applies, not the version of the law in place at the time DMV revoked his license.

Petitioner claims that the time he filed the petition is irrelevant because his rights under § 46.2-410.1 were "substantive" and, therefore, cannot be affected by the amendment to the statute. However, Petitioner's right to challenge the DMV's conviction is more properly characterized as a "procedural" rather than a substantive right, and, unlike "substantive" rights, "procedural" rights are not protected from retroactive application of statutes. *Commonwealth v. Shaffer*, 263 Va. 428, 432-33, 559 S.E.2d 623 (2002). However, substantive rights, which are not necessarily synonymous with vested rights, are concerned with the creation of duties, rights, and obligations, as opposed to procedural or remedial law, which prescribe methods of obtaining redress or enforcement of rights. *See Shiflet v. Eller*, 228 Va. 115, 319 S.E.2d 750 (1984). The July 1, 2001, amendment to § 46.2-410.1 that eliminated the provision allowing for review where a DMV order conflicts with a court order did not affect Kennedy's substantive rights but only his right to judicial review, a procedural right. Consequently, the statute can only be applied prospectively. As a result, the Court has no jurisdiction to hear Mr. Kennedy's petition under a claim that manifest injustice occurred because the DMV order conflicts with a court order.

*The Court is Without Jurisdiction to Hear Mr. Kennedy's Petition of Manifest Injustice Based on the Claim that the DMV Order was Issued Without Authority.*

Under the current version of § 46.2-391(A), enacted on July 1, 2001, DMV has the authority to "revoke for three years the driver's license of any person on receiving a record of conviction of any person who is adjudged to be a second offender in violation of the provisions . . . § 18.2-266 (driving under the influence of drugs or intoxicants), if the violation occurred within ten years from the prior violation. . . ." Kennedy urges the Court to apply this version of the statute and argues that he is not considered a second offender because his second conviction was for DUI First only. Therefore, DMV had no authority to revoke his license.

However, the version of § 46.2-391(A) in effect on June 2, 2001, at the time Kennedy's license was revoked, allowed DMV to revoke for three years the driver's license of any person convicted of *any combination of two or more offenses, if the second or subsequent offense occurred within ten years of the prior adjudication,* in violation of the provisions of . . . 18.2-266 [driving under the influence of drugs or intoxicants]. . . ." Because Kennedy was convicted of two offenses within ten years, this constituted "any combination of two or more offenses" occurring within ten years. Under the version of § 46.2-391(A) in effect at the time, DMV possessed the requisite authority to revoke Kennedy's license for three years. Therefore, this Court is without jurisdiction to hear Mr. Kennedy's Petition for Judicial Review and the Petition is denied. The Commonwealth's Motion to Dismiss the Petition is granted.