## CIRCUIT COURT OF FAIRFAX COUNTY

Carlos Alberto Vasquez

v.

Commonwealth of Virginia

September 8, 2003

Case No. (Law) 215257

BY JUDGE RANDY I. BELLOWS

This matter is before the Court on Mr. Vasquez' petition for judicial review, filed pursuant to Virginia Code § 46.2-410.1, of the decision of the Commissioner of the Department of Motor Vehicles (hereafter "the Commissioner") ordering revocation of Mr. Vasquez' driver's license for a 36 month time period. For the reasons stated herein, the petition is denied.

*Background Facts*

On April 23, 1998, the petitioner was convicted in Fairfax General District Court of Driving While Intoxicated (First). On April 20, 2001, the petitioner was convicted in Fairfax General District Court again of Driving While Intoxicated (First). The Court suspended the petitioner's license for twelve months and, pursuant to Virginia Code § 18.2-271.1(E), issued a restricted permit for the time period of April 20, 2001, to April 20, 2002.

On May 9, 2001, the Commissioner revoked the petitioner's license for a 36 month time period, pursuant to Virginia Code § 46.2-391(A). The revocation is due to expire on April 18, 2004. Petitioner's DMV record reflects that the order of revocation was mailed to the petitioner.

On June 26, 2003, the instant petition was filed.

*Arguments of the Parties*

In his petition, Mr. Vasquez argues that because the District Court suspended Mr. Vasquez' driver's license for twelve months, a 36 month suspension by the Commissioner is "manifestly unjust" because it "ignore[s] the order of a Court of competent jurisdiction." The draft order submitted by the petitioner makes the additional claim that the Commissioner was without authority to revoke the petitioner's license for three years because he is not a "second offender" as that term is used under Virginia Code § 46.2-391. The draft order also asserts as grounds for a finding of manifest injustice that the 36 month suspension "actually conflicts" with an order of the Fairfax County General District Court suspending the Petitioner's driver's license for twelve months.

In a subsequent memorandum of law in support of his petition, Mr. Vasquez makes additional arguments. First, he argues that the Commonwealth did not timely file a response to the petition and, therefore, is in default and that such default "constitutes an admission that the Petitioner is entitled to the relief sought." Second, he argues that it is manifestly unjust for the Commissioner to revoke the petitioner's license for three years where the petitioner has been given a restricted license and a copy of the court order granting the restricted license has been provided to the Commissioner, as provided for under statute.

The Commonwealth makes the following arguments against the petition. First, the Commonwealth argues that, due to changes in the definition of what constitutes a manifest injustice, a conflict in orders between the District Court and the Commissioner is no longer a grounds for relief. Second, the Commonwealth argues that the law in effect at the time of revocation did not require a finding that the petitioner was a "second offender." Third, the Commonwealth argues that the petition is untimely.

*Analysis*

First, the Court rejects the petitioner's argument that the Commonwealth, by failing to file a responsive pleading within twenty-one days of the filing of the petition, should be deemed to have admitted that the petitioner is entitled to the relief he seeks. This Court has broad discretion to extend the time period in which a party is required to file responsive pleadings, see Rule 1:9 of the Rules of the Supreme Court of Virginia, and the Court exercises such discretion in the instant case to permit the filing and consideration of the Commonwealth's opposition.

Second, the Court finds that it is without jurisdiction to consider the merits of the petition because it was not timely filed. Virginia Code

§ 46.2-410.1 states that the petitioner may seek relief "within sixty days of receipt of notice of the suspension or revocation." Here, the DMV transcript indicates that the revocation occurred on May 9, 2001, and the order of revocation was sent out by mail. See, generally, Virginia Code § 46.1-441.2(A). The petition was filed in June 2003. Under these circumstances, and absent convincing proof that the petitioner did not timely receive notice of the revocation, see, e.g., the circumstances present in *Bednar v. Commonwealth*, 60 Va. Cir. 255, 2002 Va. Cir. LEXIS 292 (Fairfax 2002), the petitioner's failure to seek relief within sixty days of receipt of notice is fatal to his petition.

The Court will briefly address the other arguments raised by the petitioner, even though the failure to file within sixty days of receipt of notice is dispositive.

1. In his petition and draft order, the petitioner asserts that he is entitled to relief because the Commissioner's Order of a 36 month suspension is in conflict with the Order of the District Court suspending the petitioner's permit for twelve months. The Court rejects this argument on two grounds: (1) Given that the petition was filed in June 2003, the provisions of the current version of Virginia Code § 46.2-410.1 are controlling. Those provisions provide only two circumstances for a finding of manifest injustice, i.e., an error on the part of the Commissioner or an order issued without authority or jurisdiction. While it is true that manifest injustice was defined in the past as including an actual conflict with a final order of a court, that language was deleted in July 2002. See, generally, *Bednar* and *Kennedy v. Commissioner of D.M.V.*, 61 Va. Cir. 294, 2003 Va. Cir. LEXIS 19 (Fairfax 2003). (2) Moreover, the Court does not find a conflict between the District Court's twelve month suspension and the Commissioner's 36 month revocation. The former constitutes punishment; the latter constitutes an administrative action. (See *Bednar* at 256, n. 1: "a revocation of the right to operate a motor vehicle is not part of the punishment for the crimes which a person commits, but a consequence of the conviction for the crime. *Commonwealth v. Ellet*, 174 Va. 403, 414-15 (1939). Thus, the Commissioner's revocation order is an administrative consequence of the conviction by the General District Court. The two orders exist in harmony, not in conflict.")

2. The Court also rejects petitioner's argument that the Commissioner acted without authority because the petitioner had not been adjudicated a "second offender." Virginia Code § 46.2-391 governs the resolution of this issue. In particular, that version of § 46.2-391 in effect in May 2001, which is when the Commissioner revoked the petitioner's license, is controlling. That version of § 46.2-391, unlike the current version, did not require an

adjudication that the petitioner was a "second offender"; rather, all it required is that the petitioner be convicted of "any combination of two or more offenses [under Virginia Code § 18.2-266 or other enumerated provisions], if the second or subsequent violation occurred within ten years of the prior adjudication. . . ." Clearly, this petitioner has been convicted of two or more pertinent offenses within ten years of each other.

3. The petitioner argues that the Commissioner's 36 month revocation is in error because it conflicts with the following language from § 46.2-391: "However, if the Commissioner has received a copy of a court order as provided in subsection E of § 18.2-271.1, he shall proceed as provided in the order of the court." Petitioner argues that the District Court did issue a restricted permit pursuant to § 18.2-271.1(E), that the order reflecting this restricted permit was transmitted to DMV, and that the Commissioner's subsequent revocation was in error because he did not "proceed as provided in the order of the court." This argument may be meritorious, at least for the time period covered by the restricted permit. Nevertheless, the Court does not and cannot reach this issue because of its finding that the petition is untimely.

An Order denying the petition for the grounds stated in this letter opinion will issue.