Present:  All the Justices

DAVID STEPHENS, JR.
                                        OPINION BY
v.  Record No. 061228        JUSTICE LAWRENCE L. KOONTZ, JR.
                                      June 8, 2007
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF GREENSVILLE COUNTY
                      W. Allan Sharrett, Judge


      This appeal challenges a circuit court order denying a

petition for change of name filed pursuant to Code § 8.01-217 by

an inmate in a correctional facility.

                            BACKGROUND

      On November 23, 2005, David Stephens, Jr., an inmate at the

Greensville Correctional Center, filed a petition in the Circuit

Court of Greensville County to change his name pursuant to Code

§ 8.01-217.  In the petition, Stephens stated under oath that he

sought to change his name to Yâ-sin ibn Dâwûd Stephens "for

religious purposes" and that Stephens was "practicing Islam and

the change of name is sought in furtherance of the exercise of

his religious freedom."  In accord with the requirements of Code

§ 8.01-217(B), the petition indicated that Stephens had not

previously changed his name and contained Stephens' place of

residence, date and place of birth, felony conviction record,

parents' names, and recited the fact that he was incarcerated.

      The circuit court denied Stephens' petition by order dated

February 15, 2006.  The circuit court's order stated that

"[u]pon review of the file, the [circuit court] finds the proposed name does not appear to have any religious meaning or significance contrary to its general and accepted meaning. Accordingly, the [c]ourt denies the petition for name change." This appeal followed.

DISCUSSION

Stephens asserts two arguments to support his contention that the circuit court erred in denying his petition for change of name. First, Stephens maintains that the circuit court failed to comply with the statutory provisions set forth in Code § 8.01-217 governing the consideration of such petitions. Second, Stephens maintains that the circuit court's denial of his petition infringed on his right to the free exercise of his religion in violation of both the United States and Virginia constitutions. Because we find the statutory issue to be dispositive, we will not address the constitutional issue. See Keller v. Denny, 232 Va. 512, 516, 352 S.E.2d 327, 329 (1987) ("constitutional questions should not be decided if the record permits final disposition of a cause on non-constitutional grounds").

Code § 8.01-217 sets forth the process governing the filing, consideration, and disposition of petitions for change of name. Code § 8.01-217 provides, in relevant part:

2

A. Any person desiring to change his own name . . . may apply therefor to the circuit court of the county or city in which the person whose name is to be changed resides, or if no place of abode exists, such person may apply to any circuit court which shall consider such application if it finds that good cause exists therefor under the circumstances alleged.  Applications of probationers and incarcerated persons may be accepted if the court finds that good cause exists for such application.  An incarcerated person may apply to the circuit court of the county or city in which such person is incarcerated . . . .

B. Every application shall be under oath and shall include the place of residence of the applicant, the names of both parents, including the maiden name of his mother, the date and place of birth of the applicant, the applicant's felony conviction record, if any, whether the applicant is presently incarcerated or a probationer with any court, and if the applicant has previously changed his name, his former name or names.

C. On any such application and hearing, if such be demanded, the court . . . shall, unless the evidence shows that the change of name is sought for a fraudulent purpose or would otherwise infringe upon the rights of others . . . order a change of name.

(Emphasis added.)

Stephens' petition is an "application[]" for change of name by an "incarcerated person[]."  Therefore, it is subject to the provision in Code § 8.01-217(A) whereby such a petition "may be accepted if the [circuit] court finds that good cause exists" for the proposed name change.  Furthermore, Stephens' petition, like all applications for change of name, is subject to the

3

provision in Code § 8.01-217(C) mandating a circuit court to order a requested change of name "unless the evidence shows that the change of name is sought for a fraudulent purpose or would otherwise infringe upon the rights of others."

Here, the circuit court order denying Stephens' petition did not specifically reference a finding with regard to "good cause" under Code § 8.01-217(A), nor did it reference a finding with regard to the "fraudulent purpose or . . . infringe upon the rights of others" provision of Code § 8.01-217(C). Instead, the circuit court denied the petition upon finding that "the proposed name does not appear to have any religious meaning or significance contrary to its general and accepted meaning." This finding does not comport with the provisions of either of the pertinent subsections of Code § 8.01-217.

The Commonwealth appropriately concedes that the circuit court's denial of Stephens' petition was in error. Nonetheless, the parties disagree as to the proper disposition of this appeal.

Stephens asserts that the circuit court "accepted" his petition, as the term is used in Code § 8.01-217(A), by reviewing the file and considering the petition on its merits. Reasoning that Code § 8.01-217(A) requires a finding of good cause prior to acceptance of a petition for a name change by an

4

incarcerated person, Stephens asserts that the circuit court's acceptance of his petition necessarily reflects that it determined good cause to exist. Accordingly, Stephens maintains that the circuit court must have denied the petition under Code § 8.01-217(C) and the circuit court erred in that regard because Code § 8.01-217(C) does not authorize a circuit court to deny a petition due to a proposed name's perceived lack of "religious meaning or significance." Because the record contains no evidence that his change of name was sought for a fraudulent purpose or would infringe on the rights of others as specified in Code § 8.01-217(C), Stephens asserts that this subsection of Code § 8.01-217 requires that the petition be granted. Thus, Stephens maintains that the proper disposition of this appeal is a remand directing the circuit court to grant Stephens' petition.

In response, the Commonwealth asserts that the circuit court did not make a determination pursuant to Code § 8.01-217(A) as to whether good cause existed for the requested name change by an incarcerated person and the circuit court's initial error was in failing to make such a determination. Thus, the Commonwealth maintains that this Court should remand for a determination of whether good cause exists for Stephens' name

5

change and, if good cause is found to exist, for further proceedings to be conducted under Code § 8.01-217(C).

Upon the limited record before us, the nature of the inquiry by which the circuit court determined that the "proposed name change does not appear to have any religious meaning or significance contrary to its general and accepted meaning" and the factual basis for that determination is difficult to discern. However, implicit in the circuit court's denial of Stephens' petition was a finding of lack of good cause for the requested change of name under Code § 8.01-217(A).

Code § 8.01-217(A) does not define what constitutes good cause for an application for change of name. Certainly, the inclusion of a good cause requirement in this subsection for applications for change of name filed by incarcerated persons contemplates a different determination than the one under the requirements of subsection (C) of the statute. And we are of opinion that the good cause requirement reflects a legislative intent to invest circuit courts with discretion regarding the summary disposition of, for example, frivolous applications. However, to be a proper exercise of discretion to determine under subsection (A) that an application lacks good cause, a circuit court's determination to that effect must be supported by evidence in the record.

6

In this case, the facts contained in the record are limited to those asserted in Stephens' petition. The petition was filed under oath and complied with all of the other requirements set forth in Code § 8.01-217(B). The facts stated in the petition did not in any way suggest that the name change was sought with frivolous intentions. To the contrary, the petition unequivocally asserted that Stephens sought to change his name for "religious purposes" in furtherance of his faith in the Islamic religion. Accordingly, based on the record before us, the circuit court's implicit denial of Stephens' petition for lack of good cause was clearly an abuse of discretion requiring reversal and remand without further consideration of the good cause issue by the circuit court.

Turning to the posture of the case on remand, since there is no basis for the denial of Stephens' petition for lack of good cause under Code § 8.01-217(A) and the circuit court apparently did not consider Stephens' petition under Code § 8.01-217(C), the circuit court should resume its review and consideration of the petition in accord with the requirements of Code § 8.01-217(C).

CONCLUSION

For these reasons, we will reverse the circuit court's judgment denying Stephens' application for change of name and

7

remand the case for further proceedings in accordance with the principles stated herein.

<u>Reversed and remanded</u>.