PRESENT: Lemons, C.J., Goodwyn, Millette, Mims, McClanahan, and Powell, JJ., and Koontz, S.J.

IN RE: ROBERT FLOYD BROWN, JR.

OPINION BY
Record No. 141130     CHIEF JUSTICE DONALD W. LEMONS
April 16, 2015

FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
Nathan C. Lee, Judge

In this appeal, we consider whether the trial court abused its discretion in denying an application for a name change filed under Code § 8.01-217 by Robert Floyd Brown, Jr. ("Brown"). While Brown's appeal to this Court was pending, the Court granted an appeal in a similar case from a decision of the same trial judge. That case was styled: In Re: Steven Roy Arnold (Rec. No. 131447). Pro bono counsel accepted appointment to represent Arnold and the Attorney General filed an amicus brief in support of Arnold. Oral argument in Arnold's case was heard on January 5, 2015. Brown's appeal was originally considered together with Arnold's appeal. However, the day before the Court was to render its opinion in Arnold's case as a combined opinion with Brown's appeal, the Court was notified that Arnold had committed suicide while incarcerated in federal prison. Arnold's appeal has been rendered moot. Brown's appeal remains to be decided, which we do in this opinion.

I.  Facts and Proceedings

On February 8, 2013, Brown filed an application in the Circuit Court of Prince George County ("trial court") to change her[1] name to Alicia Jade Brown.  Brown has been diagnosed with Gender Identity Disorder ("GID") and is transitioning from the male gender to the female gender.  Brown is an inmate in a federal prison located in Petersburg.  Attached to Brown's application was a medical record from the Federal Bureau of Prisons confirming her diagnosis of GID.  The trial court refused to grant the application, finding no good cause existed.  Brown appealed to this Court, and we granted her petition for appeal.

We issued an order on December 12, 2013, holding that there was error in the trial court's order denying Brown's application.  We reversed the judgment of the trial court and remanded the case to the trial court with direction to enter judgment in accordance with our holding in Stephens v. Commonwealth, 274 Va. 157, 645 S.E.2d 276 (2007).  Despite the direction from this Court, the trial court issued an order on March 26, 2014, in which the trial court again declined to accept Brown's application, finding that good cause did not exist because Brown's "stated reasons for the name change do

_____

[1] Brown refers to herself using the feminine pronoun.  This opinion will therefore also adopt usage of the feminine pronoun when referring to Brown.

2

not outweigh the potential negative impact on the community. Given that the name change reflects a shift in gender identity of a federal prisoner, the court declines to accept the application pursuant to Section 8.01-217(A)."  Brown appeals that decision to this Court.  Brown's assignment of error to this Court states:

1.  For the second time, upon remand from this Court, the circuit court erred in denying the application for a change of name where appellant provided ample evidence of "good cause" for the application, and the record contained no evidence of fraudulent purpose within the meaning of Virginia Code § 8.01-217.

## II.  Analysis

### A. Standard of Review

We apply an abuse of discretion standard when reviewing a trial court's denial of an application for name change.  See Stephens, 274 Va. at 162, 645 S.E.2d at 278; In re Strikwerda, 216 Va. 470, 473, 220 S.E.2d 245, 247 (1975).  We review issues of statutory interpretation de novo.  Warrington v. Commonwealth, 280 Va. 365, 370, 699 S.E.2d 233, 235 (2010).

### B. Code § 8.01-217

Code § 8.01-217 governs how the name of a person may be changed.  The General Assembly amended this statute in 2014, and the amendments went into effect on July 1, 2014.  See 2014 Acts ch. 232; Code § 1-214(A).  Brown submitted an application for change of name in 2013, and the trial court denied the

3

application for lack of good cause in 2013, before the amendments went into effect. However, because the trial court never accepted Brown's application on the merits, the question arises regarding which version of Code § 8.01-217 should govern Brown's application.

Code § 1-239 states:

> No new act of the General Assembly shall be construed to repeal a former law, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture, or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture, or punishment so incurred, or any right accrued, or claim arising before the new act of the General Assembly takes effect; except that the proceedings thereafter held shall conform, so far as practicable, to the laws in force at the time of such proceedings; and if any penalty, forfeiture, or punishment be mitigated by any provision of the new act of the General Assembly, such provision may, with the consent of the party affected, be applied to any judgment pronounced after the new act of the General Assembly takes effect.

We have held that Code § 1-239 applies to accrued rights categorized as **"substantive"** or "vested." City of Norfolk v. Kohler, 234 Va. 341, 345, 362 S.E.2d 894, 896 (1987). "'[S]ubstantive' rights, as well as 'vested' rights, are included within those interests protected from retroactive application of statutes." Shiflet v. Eller, 228 Va. 115, 120,

4

319 S.E.2d 750, 753 (1984). "Substantive rights, which are not necessarily synonymous with vested rights, are included within that part of the law dealing with creation of duties, rights, and obligations, as opposed to procedural or remedial law, which prescribes methods of obtaining redress or enforcement of rights." Id. at 120, 319 S.E.2d at 754.

Under the version of Code § 8.01-217 that was in effect in 2013, applications for name changes from probationers and incarcerated persons could only be accepted if the trial court found that good cause existed for such an application. Former Code § 8.01-217(A)(Repl. Vol. 2007)(stating that "[a]pplications of probationers and incarcerated persons may be accepted if the court finds that good cause exists for such application"). However, once a trial court made a determination that good cause existed for the application, the trial court was required to order the requested change of name "unless the evidence show[ed] that the change of name [wa]s sought for a fraudulent purpose or would otherwise infringe upon the rights of others." Former Code § 8.01-217(C)(Repl. Vol. 2007).

The amended version of Code § 8.01-217, effective July 1, 2014, still requires a trial court to make an initial determination whether good cause exists before accepting an application for a name change from an incarcerated person.

5

Code § 8.01-217(D).  An applicant must still demonstrate that the change of name is not sought for a fraudulent purpose and that it would not otherwise infringe upon the rights of others. However, under the amended version of the statute, now an applicant must also demonstrate that the change of name "would not frustrate a legitimate law-enforcement purpose."  Id.

We hold that requiring an applicant to prove a new element, that the name change "would not frustrate a legitimate law-enforcement purpose," is a substantive change to the statute.  This additional burden of proof affects the duties, rights, and obligations of a petitioner seeking a name change who has already established that good cause exists for the name change.  Therefore, retroactive application of the amended statute is not permitted.  Accordingly, Brown's appeal and application must be decided under the version of Code § 8.01-217 that was in effect in 2013.[2]

Code § 8.01-217(A) does not define what constitutes good cause for an application for a name change.  However, Code § 32.1-269(E) permits a person whose sex has been changed by medical procedure to request that the State Registrar amend such person's birth certificate to show a change of sex and change of name.  Code § 32.1-269(E) demonstrates a recognition

_____

[2] Unless otherwise indicated, subsequent references to Code § 8.01-217 in this opinion refer to the version of that statute in effect prior to July 1, 2014.

6

by the General Assembly that being transgender and undergoing a gender and sex change is a valid basis for changing one's name and amending a person's vital records. Accordingly, the fact that an applicant is transgender and is changing their name to reflect a change in their gender identity cannot be the sole basis for a finding by a trial court that such an application is frivolous and lacks good cause.

We have already reversed the trial court's finding of no good cause as to Brown's application on one occasion. Despite our reversal and direction to the trial court to enter judgment in accordance with our holding in Stephens, the trial court again held that good cause did not exist and refused to accept the application. The trial court found that "the petitioner's stated reasons for the name change do not outweigh the potential negative impact on the community. Given that the name change reflects a shift in the gender identity of a federal prisoner, the court declines to accept the application pursuant to Section 8.01-217(A)."

As discussed above, by enacting Code § 32.1-269(E), the General Assembly has already recognized that a shift in a person's gender is a valid reason to change one's name and to amend that person's vital records. There is nothing in the record to indicate that Brown's name change was sought with

7

frivolous intentions, and the trial court abused its discretion in holding good cause did not exist.

There is also no evidence in this record that would support the trial court's holding that this name change would have any negative impact on the community.  The fact that Brown is a federal prisoner is also not a reason to deny the name change application under Code § 8.01-217(C).  The statute makes clear that once good cause has been established, the only thing left for the trial court to consider is whether the evidence shows that the name change is sought for a fraudulent purpose or would otherwise infringe upon the rights of others.  As there is no evidence in the record of a fraudulent purpose or that this name change would infringe upon the rights of others, the trial court was required to order the change of name.

### III.  Conclusion

For the reasons stated, we will reverse the judgment of the trial court and direct the trial court to order the change of name as requested in Brown's application.

<u>Reversed and remanded</u>.

JUSTICE McCLANAHAN, dissenting.

In my view, the Court's judgment directing the trial court to order the change of name requested in Brown's application

cannot be reconciled with our decision in Stephens v. Commonwealth, 274 Va. 157, 645 S.E.2d 276 (2007).

In Stephens, this Court ruled that the trial court abused its discretion in refusing to accept the application for a name change by an incarcerated person because the trial court's finding of lack of good cause for the application was not supported by the evidence in the record. Since we found there was no basis for the denial of the application for lack of good cause and the trial court did not consider the application under former Code § 8.01-217(C), we remanded the case for further proceedings in accordance with the requirements of that statute. Id. at 162-63, 645 S.E.2d at 278 (trial court's denial was an abuse of discretion "requiring reversal and remand" for the court to "resume its review and consideration of the petition in accord with the requirements of Code § 8.01-217(C)").

Our holding in Stephens dictates the same disposition of this appeal. As in Stephens, the majority holds that the trial court abused its discretion in refusing to accept Brown's application, concluding the trial court's finding of lack of good cause for the application was not supported by the evidence in the record. Although the trial court did not consider the application under former Code § 8.01-217(C), the majority directs the trial court to order the change of name as

9

requested in the application.[1]  Pursuant to our decision in

Stephens, this case should be remanded to the trial court with

directions that the trial court resume its review and

consideration of the application.

Additionally, such review and consideration by the trial

court should be governed by the version of Code § 8.01-217 now

in effect.  Pursuant to Code § 8.01-1, "all provisions of

[Title 8.01] shall apply to causes of action which arose prior

to the effective date of any such provisions."  This general

rule applies unless such a provision "may materially change the

substantive rights of a party (as distinguished from the

procedural aspects of the remedy)."  Code § 8.01-1.[2]  Likewise,

Code § 1-239 provides that proceedings held after a new act of

the General Assembly takes effect "shall conform, so far as

practicable, to the laws in force at the time of such

proceedings."  Therefore, "procedural provisions of the statute

---

[1] In Stephens, the Court refused to grant the very relief
that it grants here.  Stephens asserted that because the record
contained no evidence that his change of name was sought for a
fraudulent purpose or would infringe on the rights of others as
specified in former Code § 8.01-217(C), the proper disposition
of his appeal was a remand directing the trial court to grant
his petition.  Stephens, 274 Va. at 161, 645 S.E.2d at 277-78.
Since the trial court had not considered the application under
Code § 8.01-217(C), however, the Court rejected Stephens'
position and directed the trial court to resume its review. Id.
at 162-63, 645 S.E.2d at 278.

[2] The general rule also does not apply if such provision
"may cause the miscarriage of justice."  Code § 8.01-1.

10

in effect on the date of trial control the conduct of trial insofar as practicable."  Smith v. Commonwealth, 219 Va. 455, 476, 248 S.E.2d 135, 148 (1978) (applying predecessor statute, former Code § 1-16).  The revisions made to Code § 8.01-217 in 2014, see 2014 Acts ch. 232, do not affect any substantive rights of Brown but set forth the procedure to be undertaken by the trial court in considering Brown's application.[3]  See Harris v. Dimattina, 250 Va. 306, 312, 462 S.E.2d 338, 340 (1995) (statutory provisions that control only the method of obtaining redress or enforcement of rights are procedural in nature).[4] Procedural remedies "may be altered, curtailed, or repealed at

---

[3] The procedure for applications filed by persons who are incarcerated is now contained in Code § 8.01-217(D). Under that section, if a court accepts the application of an incarcerated person upon finding good cause, it shall mail or deliver a copy of the application to the attorney for the Commonwealth for the jurisdiction where the application was filed and the attorney for the Commonwealth for any jurisdiction in the Commonwealth where a conviction occurred that resulted in the applicant's probation, registration with the Sex Offender and Crimes Against Minors Registry pursuant to Chapter 9 (Code § 9.1-900 et seq.) of Title 9.1, or incarceration. The attorney for the Commonwealth where the application was filed is entitled to respond and represent the interests of the Commonwealth at the hearing conducted by the trial court to consider the application.

[4] Although the statute now requires the court to determine that an incarcerated person's change of name "would not frustrate a legitimate law-enforcement purpose" when considering the application, evidentiary burdens are matters of procedure.  Wyatt v. Virginia Dep't of Soc. Servs., 11 Va. App. 225, 229, 397 S.E.2d 412, 414 (1990) (statutory burdens of proof are procedural provisions that do not affect substantive rights).

11

the will of the legislature."  Morency v. Commonwealth, 274 Va. 569, 576, 649 S.E.2d 682, 685 (2007) (internal quotation marks and citation omitted).  Thus, the current version of Code § 8.01-217 would govern the proceedings upon remand.

For these reasons, I dissent from the Court's judgment.