PRESENT: Lemons, C.J., Goodwyn, McClanahan, Powell, Kelsey, and McCullough, JJ., and Millette, S.J.

IN RE: JAMES GARDNER DENNIS

Record No. 160652

OPINION BY
JUSTICE S. BERNARD GOODWYN
August 17, 2017

FROM THE CIRCUIT COURT OF GREENSVILLE COUNTY
Judge W. Allan Sharrett

In this appeal, we consider what constitutes good cause for a court to consider a petitioner's change of name application under Code § 8.01-217(D).

BACKGROUND

On January 7, 2016, James Gardner Dennis (Dennis), an inmate in the Greensville Correctional Center, petitioned the Circuit Court of Greensville County to change his name to James Gardner Wright pursuant to Code § 8.01-217 (the Application).[1] The Application

_____

[1] Code § 8.01-217 provides, in relevant part:

A. Any person desiring to change his own name . . . may apply therefor to the circuit court of the county or city in which the person whose name is to be changed resides, or if no place of abode exists, such person may apply to any circuit court which shall consider such application if it finds that good cause exists therefor under the circumstances alleged. An incarcerated person may apply to the circuit court of the county or city in which such person is incarcerated. . . .

B. Every application shall be under oath and shall include the place of residence of the applicant, the names of both parents, including the maiden name of his mother, the date and place of birth of the applicant, the applicant's felony conviction record, if any, whether the applicant is a person for whom registration with the Sex Offender and Crimes Against Minors Registry is required pursuant to Chapter 9 (§ 9.1-900 et seq.) of Title 9.1, whether the applicant is presently incarcerated or a probationer with any court, and if the applicant has previously changed his name, his former name or names.

. . . .

complied with the notice and disclosure requirements of Code § 8.01-217(B), and stated that

Dennis was incarcerated in the Greensville Correctional Center, has felony convictions for

embezzlement, sexual abuse, carnal knowledge, computer solicitation, and 20 counts of

possession of child pornography, and is required to register with the Sex Offender and Crimes

Against Minors Registry.

The Application asserted that Dennis sought the change of name for a religious purpose.

Dennis alleged that he had converted to the "Native American Faith," and a "tenet" of this faith

required the "consolidation of his name with" that faith, so he chose the last name "Wright" "in

obedience to the Great Spirit," as it was "the last name of his last full-blood Native American

Ancestor."

The circuit court denied the Application, stating that

D. No application shall be accepted by a court for a change of name of a probationer, person for whom registration with the Sex Offender and Crimes Against Minors Registry is required pursuant to Chapter 9 (§ 9.1-900 et seq.) of Title 9.1, or incarcerated person unless the court finds that good cause exists for consideration of such application under the reasons alleged in the application for the requested change of name. If the court accepts the application, the court shall mail or deliver a copy of the application to the attorney for the Commonwealth for the jurisdiction where the application was filed and the attorney for the Commonwealth for any jurisdiction in the Commonwealth where a conviction occurred that resulted in the applicant's probation, registration with the Sex Offender and Crimes Against Minors Registry pursuant to Chapter 9 (§ 9.1-900 et seq.) of Title 9.1, or incarceration. The attorney for the Commonwealth where the application was filed shall be entitled to respond and represent the interests of the Commonwealth by filing a response within 30 days after the mailing or delivery of a copy of the application. The court shall conduct a hearing on the application and may order a change of name if, after receiving and considering evidence concerning the circumstances regarding the requested change of name, the court determines that the change of name (i) would not frustrate a legitimate law-enforcement purpose, (ii) is not sought for a fraudulent purpose, and (iii) would not otherwise infringe upon the rights of others. Such order shall contain written findings stating the court's basis for granting the order.

2

The application of the petitioner revealing that he has been convicted of twenty (20) counts of possession of child pornography, one count of soliciting a minor over the internet, one count of sexual abuse, and one count of carnal knowledge, the Court does not find good cause for consideration of the petition, and declines to accept the same. The petition is DISMISSED.

This Court granted Dennis's appeal of the circuit court's judgment.

ANALYSIS

Dennis argues that the circuit court erred in dismissing his Application for lack of "good cause," because he asserted a religious purpose as the reason for his change of name. He notes that this Court ruled in *Stephens v. Commonwealth*, 274 Va. 157, 162, 645 S.E.2d 276, 278 (2007), that an application for a change of name asserting a religious reason as the basis therefor is good cause for a circuit court to, at least, consider the application.

Code § 8.01-217(D) governs change of name petitions by probationers, a "person for whom registration with the Sex Offender and Crimes Against Minors Registry is required pursuant to Chapter 9 (§ 9.1-900 *et seq.*) of Title 9.1, or [an] incarcerated person." It provides that *"[n]o application shall be accepted* by a court for a name change of [such person] *unless* the court finds that *good cause exists* for consideration of such application *under the reasons alleged in the application*." Code § 8.01-217(D) (emphases added).

If the court accepts such application for consideration, it must then mail a copy of the application to the Commonwealth's Attorney for the jurisdiction in which the conviction occurred, give the Commonwealth 30 days to respond, and it then

> shall conduct a hearing on the application and *may* order a change of name if, after receiving and considering evidence concerning the circumstances regarding the requested change of name, the court determines that the change of name (i) would not frustrate a legitimate law-enforcement purpose, (ii) is not sought for a fraudulent purpose, and (iii) would not otherwise infringe upon the rights of others.

Code § 8.01-217(D) (emphasis added).

Thus, subsection (D) requires that an applicant allege his or her reason for seeking the change of name, and specifically requires a circuit court to consider the reason alleged and to determine whether the expressed reason is sufficient for the court to consider the application. However, it also provides circuit courts with discretion concerning whether to grant the request to change the name after a hearing.

This Court has not addressed the application of Code § 8.01-217 to a change of name petition by a probationer, incarcerated person or registered sex offender since the addition of subsection (D) to that statute. Subsection (D) was added effective July 1, 2014. 2014 Acts ch. 232 (former Code § 8.01-217). "We review issues of statutory interpretation de novo." *In re Brown*, 289 Va. 343, 347, 770 S.E.2d 494, 496 (2015).

Former Code § 8.01-217(B) required applicants to disclose on their applications current incarceration and any felony record, but it did not specifically address registered sex offenders. Former Code § 8.01-217(C) provided, in part, that "[o]n any such application . . . the court, *shall*, unless the evidence shows that the change of name is sought for a fraudulent purpose or would otherwise infringe upon the rights of others . . . *order a change of name*." (Emphases added.) In other words, granting the change of name was mandatory if the evidence revealed no fraudulent purpose or infringement on the rights of others. Subsection (D) not only requires an applicant to state the purported reason for the change of name, but also adds additional factors for the court to consider in evaluating the application, and provides circuit courts with discretion concerning whether to grant the change of name request, after receiving and considering evidence at a hearing.

"We apply an abuse of discretion standard when reviewing a trial court's denial of an application for name change." *In re Brown*, 289 Va. at 347, 770 S.E.2d at 496.

4

An abuse of discretion . . . can occur in three principal ways: when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.

*Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352, 717 S.E.2d 134, 137 (2011).

In this instance, the circuit court denied Dennis's Application at the first stage—the good cause determination regarding the purported reason for the Application. Here, the circuit court noted Dennis's prior convictions in ruling that the Application did not state good cause for its consideration by the court. However, prior convictions, standing alone, are not a proper reason for a circuit court to refuse to consider an application.

Subsection (D) requires a circuit court to consider "the reasons alleged in the application for the requested name change" in determining if good cause exists for consideration of the application. The reason alleged in Dennis's Application was that he sought to change his name because his "[conversion] to the Native American Faith" required him to adopt the name of an ancestor of the same faith. In *Stephens*, this Court stated that an application asserting that a change of name is sought "'for religious purposes' in furtherance of [petitioner's] faith" does "not in any way suggest that the name change [is] sought with frivolous intentions." 274 Va. at 162, 645 S.E.2d at 278. Rather, it is sufficient to satisfy the good cause requirement. *Id*.

The circuit court clearly failed to consider Dennis's alleged reason for the Application as required by statute. This was an abuse of its discretion. The only factor statutorily relevant to the determination of the adequacy of Dennis's reason for filing the Application was the reason alleged by Dennis in the Application. It cannot be discerned, without evidence, whether Dennis's alleged religious conversion is sincere and that a name change is actually a "tenet" of

5

the "Native American" faith. "[T]o be a proper exercise of discretion to determine . . . that an application lacks good cause, a circuit court's determination to that effect must be supported by evidence in the record." *Id.* Thus, the alleged religious basis for the change of name stated in the Application constitutes good cause under Code § 8.01-217(D) for the Application to be accepted for further review. *See id.*

The situation changes entirely, however, when the court later hears evidence and determines the merits. At that stage, the petitioner bears the burden of proving the circumstances regarding the requested name change, and, as a precondition to granting a petition, the court must determine "that the change of name (i) would not frustrate a legitimate law-enforcement purpose, (ii) is not sought for a fraudulent purpose, and (iii) would not otherwise infringe upon the rights of others." Code § 8.01-217(D). Therefore, if the evidence demonstrates that any one of the three statutory preconditions has not been satisfied, a purported religious motivation for seeking a name change is an insufficient ground for granting a subsection (D) petition.[2]

CONCLUSION

Accordingly, for the foregoing reasons, we will reverse the judgment of the circuit court and remand the case to the circuit court, directing it to accept Dennis's Application and to

---

[2] A petition governed by subsection (C) of Code § 8.01-217 is unlike a petition governed by subsection (D). Under the former provision, a court "shall" grant the petition "unless" certain disjunctive conditions exist. *See Stephens*, 274 Va. at 160-61, 645 S.E.2d at 277 (discussing the mandatory language of subsection (C)). Under the latter provision, however, a court "may" grant the petition "if" it determines that neither of three conjunctive preclusive conditions exist. Code § 8.01-217(D). The conspicuous shift from "shall" to "may" from subsection (C) to (D) necessarily implies that the circuit court has discretion in determining whether to grant the petition to incarcerated persons, registered sex offenders, and probationers. *See generally AME Fin. Corp. v. Kiritsis*, 281 Va. 384, 392, 707 S.E.2d 820, 824 (2011) (holding that the statutory use of "may" denotes discretion "even after" the moving party has satisfied the threshold requirements for seeking relief).

6

proceed to the hearing stage required by subsection (D) of Code § 8.01-217, prior to exercising its discretion in determining whether Dennis's request for a change of name should be granted.

*Reversed and remanded.*