COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Huff and Callins
Argued at Richmond, Virginia

ROBERT RYAN GRASTY

                                                MEMORANDUM OPINION* BY
v.        Record No. 0423-22-2                  JUDGE GLEN A. HUFF
                                                MARCH 28, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF SURRY COUNTY
W. Allan Sharrett, Judge

Ashby Leigh Pope (Riddick & Pope, on brief), for appellant.

Timothy J. Huffstutter, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


Robert Ryan Grasty ("appellant") was convicted of aggravated sexual battery and object

sexual penetration of a child under the age of 13 years by a person at least 18 years old. The trial

court imposed life imprisonment on the object sexual penetration conviction and 15 years of

suspended incarceration with a suspended fine of $50,000 on the aggravated sexual battery

conviction. On appeal, appellant first argues that the evidence failed to prove he was at least 18

years old at the time of the offenses. Next, he contends that the trial court should have awarded him

a new trial because "the jury did not understand the punishments required for the crimes" because

they failed "to comprehend the instructions given" and his trial counsel failed "to properly *voir dire*

the jurors on the prospective range of punishments." Finally, he asserts that the trial court

erroneously denied his motion for a new trial "based on the improper joinder of the offenses." For

the following reasons, the trial court's judgment is affirmed.

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

BACKGROUND

On appeal, this Court views the evidence "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). And in doing so, this Court "discard[s] the evidence of the accused in conflict with that of the Commonwealth, and regard[s] as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

In April or May 2017, Johnnie Tynes worked as a commercial fisherman and was constructing a new house for his family, including his two daughters: seven-year-old L.T. and nine-year-old A.T. One day, Tynes asked his coworker and close friend of 14 years, appellant, to "watch the girls" while he left to "sign paperwork" concerning the construction. At trial, Tynes testified that he had considered appellant "an older brother" and previously "trusted this man" to supervise his children.

While alone with A.T. and L.T., appellant sat between them on a couch and offered them alcohol. Appellant then reached underneath A.T.'s clothes and touched her breasts and the "inside" of her vagina. At trial, A.T. testified that she saw him do the same to L.T., although she could not recall whether he had reached underneath L.T.'s clothing; L.T., who also testified, did not remember the details of the incident. When Tynes returned home, he noticed that the lights were off, and appellant departed hurriedly, which was unusual. A.T. and L.T. later disclosed the sexual abuse to their father, who reported it to police. During an ensuing investigation, A.T. and L.T. described the incident again to a forensic interviewer.

Appellant was indicted for aggravated sexual battery of L.T. and aggravated sexual battery and object sexual penetration of A.T. while being at least 18 years of age. During *voir*

- 2 -

*dire* at appellant's jury trial, defense counsel did not advise or question the venire concerning the potential range of punishment for each offense, including that the object sexual penetration charge carried a mandatory minimum life sentence.[1] At trial, appellant denied having committed any of the charged offenses. He testified that Tynes had not asked him to supervise A.T. and L.T. He claimed instead that he had accompanied Tynes to sign the paperwork and had not been alone with the children or touched them "inappropriately."

At the conclusion of the evidence, the trial court instructed the jury, without objection, that "[t]he physical appearance of [appellant] can be sufficient evidence alone to determine that he is over 18 years of age." After receiving the jury instructions and considering argument by counsel, the jury convicted appellant of aggravated sexual battery and object sexual penetration of A.T. by a person at least 18 years of age.[2]

During sentencing deliberations, the jury asked whether it was required to impose life imprisonment for the object sexual penetration conviction. The trial court, without objection, instructed the jury to refer to the jury instructions regarding sentencing.[3] The jury subsequently recommended a sentence of life imprisonment for the object sexual penetration conviction and 15 years in prison with a $50,000 fine for the aggravated sexual battery conviction. On the sentencing verdict form, the foreperson expressly noted that the jury recommended life imprisonment on the object sexual penetration charge, "per the instruction."

---

[1] Before trial, the General Assembly enacted Code § 19.2-262.01, which permits examination of prospective jurors regarding the "potential range of punishment to ascertain if the person or juror can sit impartially in the sentencing phase of the case." *See* 2020 Va. Acts chs. 157, 588. During a hearing on appellant's subsequent motion for new trial, the trial court found that it had allowed the parties to examine the venire about the applicable penalties for each offense during *voir dire*, but neither did so.

[2] The jury acquitted appellant of aggravated sexual battery of L.T.

[3] The trial court had instructed the jury that "upon consideration of all the evidence you have heard, you shall fix the defendant's punishment at confinement in the penitentiary for life."

Following the jury's verdict, appellant moved the trial court to set aside his object sexual penetration conviction because the evidence failed to prove that he was at least 18 years old during the offenses. Appellant also moved the trial court to grant him a new trial because (1) the jury had "fail[ed] to comprehend" the sentencing instructions, (2) he had not been "afforded [his] statutory right to inform the potential jury of the mandatory life sentence," and (3) the offenses involving L.T. and A.T. were improperly joined into a single trial. At a hearing on the motions, appellant conceded that it may have been his trial counsel's deliberate "strategy" not to inform the venire of the potential penalties for each offense.

After further argument, the trial court denied the motions for a new trial. It found that the jury could rely on appellant's physical appearance to ascertain his age at the time of the offenses based on the uncontested jury instruction directing it to do so. Continuing, the trial court added that appellant's "gait," "tone of voice," hair—"in both its color and its presence on his head"—and "all manners of his appearance could only lead a reasonable person to conclude that he was over the age of 18 years." Regarding *voir dire*, the trial court found that it had permitted appellant to examine the prospective jurors about the applicable penalties for each offense, but he had failed to exercise his statutory right to do so. Finally, concerning the alleged misjoinder, the trial court found that appellant had not moved to sever the charges before trial and the Commonwealth demonstrated a common scheme or plan justifying the joinder. This appeal followed.

ANALYSIS

I. Sufficiency

Appellant first contends that the evidence failed to prove he was at least 18 years old at the time of the offenses.[4] He asserts that other than the jury instruction permitting the jury to judge his age by his appearance, "there is no record of what the jury found or did not find regarding [his] age." Therefore, appellant "posits that it is plainly wrong for his conviction to stand when the record is silent as to how . . . the jury [concluded] that he was over the age of 18 at the time of the offense." This Court disagrees.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

---

[4] In the indictments for both charges relating to A.T., the Commonwealth added the following descriptive language following appellant's name: "who [wa]s 18 years of age or older." However, only in the jury instruction for object sexual penetration of A.T. (No. 11) was that same language included as a third element for the jury to determine before finding appellant guilty.

"It is well settled that instructions given without objection become the law of the case and thereby bind the parties in the trial court and this Court on review." *Spell v. Commonwealth*, 72 Va. App. 629, 635 (2020) (quoting *Bryant v. Commonwealth*, 295 Va. 302, 307 (2018)). Here, the trial court instructed the jury that "[t]he physical appearance of the Defendant can be sufficient evidence alone to determine that he is over 18 years of age." This instruction is consistent with this Court's holdings that a defendant's physical appearance alone is sufficient to prove age as an element of an offense if the "defendant's physical appearance indicates an age well above that required to be proven and the trial court determines that the fact finder is able to conclude beyond a reasonable doubt from the defendant's physical appearance that he exceeds" the requisite age. *Jewell v. Commonwealth*, 8 Va. App. 353, 356 (1989); *accord Stith v. Commonwealth*, 65 Va. App. 27, 33 (2015) (observing that physical appearance alone is sufficient to prove age "where it is obvious from the defendant's appearance that he or she meets or exceeds the statutory age").[5]

At trial, Tynes testified that he had considered appellant "an older brother" and previously "trusted this *man*" to supervise his children. (Emphasis added). Appellant himself testified that he had been friends with Tynes for approximately 14 years. From that evidence combined with the opportunity to watch and listen to Tynes and appellant testify and compare their relative ages, the jury could infer that appellant was an adult when he committed the crimes. In fact, the trial court stated it did not "believe a reasonable juror could conclude that [appellant] was under the age of 18." To the contrary, it found that appellant's physical appearance—

---

[5] Moreover, "[t]his jury instruction was uncontested and thus, at a minimum, is the law of the case." *Wagoner v. Commonwealth*, 63 Va. App. 229, 248 (2014), *aff'd*, 289 Va. 476 (2015).

including his hair, gait, and tone of voice—"could only lead a reasonable person to conclude that he was over the age of 18 years."[6]

Given that the jury could judge appellant's age by his appearance, the evidence suggesting that appellant was an adult, and the trial court's finding that the "only" conclusion the jury could reach based on his appearance was that he was older than 18, appellant has not established that the evidence was insufficient to prove his age at the time of the offenses. *See Stith*, 65 Va. App. at 34 (holding evidence proved defendant's age exceeded statutory age where the trial court expressly found that his weight, "above average stature," and "mannerisms" suggested that he was an adult).[7]  Accordingly, this Court cannot conclude that the trial court's ruling was plainly wrong or without evidentiary support.

## II. *Voir Dire* and Sentencing

Appellant next contends that the trial court erred in denying his motion for a new trial because "the jury did not understand the punishments required for the crimes."  Citing the jury's question during sentencing deliberations, appellant contends that the jury "fail[ed] to comprehend" the sentencing instructions.  This Court applies an abuse of discretion standard of

---

[6] Although the jury did not receive direct evidence of appellant's age, this Court notes that multiple documents in the record show appellant was born in 1954, which means he was over 60 years old at the time of the offenses.

[7] At argument counsel conceded the sufficiency of the evidence to establish that appellant was at least 18 years of age at the time of the offenses.  Additionally, counsel candidly acknowledged that no motion for severance had been made pre-trial, nor had counsel attempted to inform the jury during *voir dire* of the mandatory life sentence as may have been appellant's right pursuant to Code § 19.2-262.01.  This Court commends counsel for exercising the ethical duties of candor expected of advocates appearing in this Court.  *See, e.g.*, *Stephens v. Commonwealth*, 274 Va. 157, 161 (2007); Va. R. of Prof'l Conduct 3.3 ("Candor Toward the Tribunal").

review to the trial court's denial of a motion for a new trial. *Avent v. Commonwealth*, 279 Va. 175, 204 (2010).[8]

The record belies appellant's contention that the jury did not understand or failed to follow the sentencing instructions. During sentencing deliberations, the jury asked the trial court to clarify whether it was required to impose life imprisonment for the object sexual penetration conviction. The trial court instructed the jury to refer to the applicable sentencing instruction, which required the jury to "fix the defendant's punishment at confinement in the penitentiary for life." Consistent with the trial court's guidance, the jury returned a verdict recommending life imprisonment "per the instruction." Thus, this Court finds no basis in the record for appellant's claim that the jury did not comprehend or adhere to its instructions. Rather, the record demonstrates that the jury understood the instructions and imposed the only sentence permissible under the law. Accordingly, the trial court did not abuse its discretion in denying appellant's motion for a new trial.

---

[8] Appellant also argues that his trial "counsel's failure to properly *voir dire* the jurors on the prospective range of punishments" for each offense deprived him of his right to do so under Code § 19.2-262.01. To the extent that argument asserts that appellant received ineffective assistance of counsel, it is not cognizable on direct appeal. *Lenz v. Commonwealth*, 261 Va. 451, 460 (2001) (citing *Johnson v. Commonwealth*, 259 Va. 654, 675 (2000)).

Moreover, any argument that the trial court erred is waived. "Under the 'invited error' doctrine [a defendant] may not benefit from his counsel's voluntary, strategic choice to place [the defendant] at a potential disadvantage in the hope, unproductive though it was, of gaining some advantage." *Powell v. Commonwealth*, 267 Va. 107, 144 (2004). The record demonstrates that although the trial court did not prohibit him from questioning prospective jurors regarding punishment during *voir dire*, appellant's trial counsel did not exercise his statutory right to do so. Furthermore, appellant conceded during argument on his motion for a new trial that his trial counsel may have strategically chosen not to inform the venire of the potential penalties during *voir dire*. Thus, appellant cannot now attempt to benefit from "the situation created by his own wrong." *Nelson v. Commonwealth*, 71 Va. App. 397, 404 (2020) (quoting *Cangiano v. LSH Bldg. Co.*, 271 Va. 171, 181 (2006)).

### III. Joinder

Finally, appellant argues that he was entitled to a new trial because the trial court had improperly joined the offenses involving L.T. and A.T. "[A] motion for separate trials must be made before trial begins or it is deemed waived." *Colclasure v. Commonwealth*, 10 Va. App. 200, 202 (1990). Appellant did not move to sever the charges before trial; instead, he moved for a new trial after the jury's verdict. Consequently, the issue is waived, and the trial court did not err by refusing to grant a new trial on that basis.

### CONCLUSION

For the foregoing reasons, this Court affirms the trial court's judgment.

*Affirmed.*